IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARK Q. DEATON,

    Petitioner,

v.                                                Civil Action No. 5:16CV7
                                                         (Criminal Action No. 5:02CR51)
UNITED STATES OF AMERICA,                        (STAMP)

    Respondent.

**ORDER GRANTING IN PART AND DEFERRING IN PART
PETITIONER'S MOTION TO REDUCE
SENTENCE AND TO APPOINT COUNSEL AND
DIRECTING THE UNITED STATES PROBATION OFFICE
TO PREPARE A REVISED PRESENTENCE REPORT**

On January 22, 2016, the petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 1. In addition to that motion, the petitioner also filed a motion to reduce sentence and to appoint counsel. ECF No. 100, Criminal Action No. 5:02CR51. Previously, the petitioner was convicted following a jury trial of the following three counts: (1) theft of firearms from a federal firearms licensee ("Count I"), in violation of 18 U.S.C. §§ 922(u) and 924(i)(1); (2) possession of stolen firearms ("Count II"), in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and (3) possession of firearms by a prohibited person ("Count III"), in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). At the time of sentencing, the petitioner was deemed an armed career criminal, as found under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), because he had committed at least three prior offenses which were each categorized as a "violent felony." Several of those offenses were

categorized under the "residual clause" of the ACCA, which defined a violent felony as the following:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that . . . **involves conduct that presents a serious potential risk of physical injury to another**[.]

18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). Based on the petitioner's classification as an armed career criminal under the residual clause, the petitioner received a sentencing enhancement under United States Sentencing Guideline ("Sentencing Guideline") § 4B1.4. On April 29, 2003, this Court sentenced the petitioner to the following terms of imprisonment, which were to run concurrently: (1) 120 months as to Count I; (2) 120 months as to Count II; and (3) 235 months as to Count III.

Since the time of sentencing, the Supreme Court of the United States decided Johnson v. United States, 135 S. Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutionally vague. More recently, the Supreme Court decided Welch v. United States, 136 S.Ct. 1257 (2016), wherein the Court held that the holding of Johnson announced a substantive rule that applied retroactively on collateral review. In addition to the Supreme Court's recent rulings, the United States Court of Appeals for the Fourth Circuit is set to decide In re Hubbard, No. 15-276, in the near future. The relevant pending issue in In re Hubbard is

whether the Supreme Court's holding in Johnson applies to the applicable Sentencing Guidelines.

In the petitioner's motion at issue, he asserts that the holdings under Johnson and Welch apply to his sentence. He points to the fact that he was classified as an armed career offender based on the residual clause of the ACCA, which is now considered unconstitutionally vague. Therefore, he requests that he be resentenced in light of the Supreme Court's most recent rulings.

After reviewing the record in light of the holdings in Johnson and Welch, it appears that those holdings apply to the petitioner's sentence. Several prior offenses found under the petitioner's presentence report appear to have been considered violent felonies based on the residual clause. Therefore, the petitioner's record warrants resentencing pursuant the holding under Johnson, which this Court believes applies in this case. As to the pending decision in In re Hubbard, the United States Probation Office should review the extent to which that decision may or may not affect the petitioner's sentence.[1]

---

[1]Under U.S.S.G. § 4B1.4(a), it states that a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Section 4B1.4(b) then states in relevant part that "[t]he offense level for an armed career criminal is the greatest of . . . 34, if the defendant used or possessed the firearm or ammunition in connection with either a **crime of violence, as defined in § 4B1.2(a)**." (emphasis added). The term "crime of violence" under the Sentencing Guidelines and the term "violent felony" under the ACCA appear to share identical definitions. In the petitioner's case, however, his prior offenses may or may not be categorized as violent felonies under the ACCA, because such categorization was based on the residual clause. That means the petitioner could potentially no longer be considered an

Therefore, the petitioner's motion to reduce sentence and to appoint counsel is GRANTED IN PART AND DEFERRED IN PART. More specifically, this Court GRANTS the petitioner's request for counsel and DEFERS a ruling as to the petitioner's request to reduce his sentence. This Court will designate the appointed counsel at a later date by separate order. The United States Probation Office is hereby DIRECTED to prepare a revised presentence report in light of the holdings in Johnson and Welch, as well as the pending decision in In re Hubbard. Upon receipt and review of the revised presentence report, this Court will decide what action, if any, is necessary regarding the resentencing of the petitioner.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to the petitioner by certified mail, to counsel of record herein, to the United States Probation Office, to the United States Marshals Service and to Lisa A. Coleman, CJA Panel Administrator, Office of the Federal Public Defender for the Northern District of West Virginia.

DATED: May 12, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

armed career criminal under the ACCA, and thus, potentially eliminate the relevant sentencing enhancement.